**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5186-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KENDELL GRIMSLEY, a/k/a
KENDALL GRIMSLEY, SHAWN
HELTON, KEITH GRIMSLEY,
and KENDAL GRIMSLEY,

     Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided October 9, 2018

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-02-0115.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Izabella M. Wozniak, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kendell Grimsley appeals from the May 31, 2017 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

A jury found defendant guilty of second-degree robbery, N.J.S.A. 2C:15-1. He thereafter entered a guilty plea to third-degree burglary, N.J.S.A. 2C:18-2, also charged in the same indictment, however, the burglary conviction is not being appealed. Defendant was sentenced as a persistent offender, N.J.S.A. 2C:44-3(a), to a ten-year term of incarceration on the robbery conviction subject to eighty-five percent parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. In accord with the plea agreement, he was sentenced on the burglary charge to five years imprisonment, subject to one and one-half years of parole ineligibility, to be served on a concurrent basis. On appeal, we affirmed the judgment of conviction. State v. Grimsley, No. A-4863-13 (App. Div. Sept. 28, 2015). The Supreme Court denied certification. State v. Grimsley, 224 N.J. 123 (2016).

The incident which resulted in the conviction occurred on September 19, 2010. As we described in our prior decision:

> . . . at approximately 10:00 p.m., S.M. was unloading groceries in a well-lit parking area in front of her apartment building when a vehicle pulled in next to her. A man briefly stepped out of the car and she exchanged

a few words with him. He said "she's not here" and got back in the vehicle. S.M. resumed emptying her trunk when she felt a "tremendous pull" on her purse, like "someone ripped my arm off[.]" She turned and saw the man she had spoken to, whom she later identified as defendant, "tugging and tugging[.]" S.M. was dragged to the ground while defendant continued to tug at her purse; he was eventually able to pull it away and jumped back into the vehicle. As a result of the encounter, S.M.'s arm was badly bruised, she scraped her left elbow, and ripped her pants. The car drove off slowly enough that S.M. was able to note the make and license plate number and provide the relevant information to the Hillside Police Department. The robbery was witnessed from a distance of five to ten feet by an acquaintance of S.M., J.M., and by J.M.'s husband.

[Grimsley, slip op. at 3.]

On September 21, 2010, defendant and his co-defendants were arrested in the vehicle described by the robbery victim. The car had the same license plate the robbery victim described, and police found a flash drive she kept in her purse in the car. Id. at 4.

When presented with a photographic array, the victim selected defendant's photo, as did J.M. Ibid. J.M.'s husband could not identify anyone. At trial, although counsel told the judge that J.M.'s husband's description of the robber significantly differed from defendant's appearance, no supporting affidavit or other documentation has been presented to support the point. Essentially,

A-5186-16T1

nothing in the record indicates the substance of the husband's proposed testimony.

On appeal, defendant alleged that one of his co-defendants had given an exculpatory statement. Id. at 8. After the trial, Mateen Abdul-Malik gave a statement to defendant's investigators. In it, he claimed he had told prosecutors that when the occupants of the vehicle described by the robbery victim were arrested, defendant had just gotten into the car, and was being driven to a supermarket. Id. at 7. Abdul-Malik also alleged that the prosecutor's investigators became angry and left when they heard this narrative. Ibid. Defendant asserted that Abdul-Malik described this in a letter, although it has never been produced. Id. at 6-7.

A Union County Prosecutor's Office detective, however, stated in a follow-up interview summary that Abdul-Malik, when he spoke to the authorities, denied being in the vehicle on the night of the robbery, and did not mention defendant at all. Id. at 7. We concluded on appeal that the State did not violate Brady v. Maryland, 373 U.S. 83 (1963), since Abdul-Malik had no relevant, exculpatory information until after defendant was convicted. Id. at 9-10. Defendant was not prejudiced by the State's failure to disclose the pretrial interview with the co-defendant, since at that point the co-defendant provided

4

absolutely no relevant information whatsoever.  Thus, the State could not "be charged with withholding information it never possessed."  Id. at 10.  The argument lacked sufficient merit to warrant discussion in a written opinion and nothing further was stated with regard to Abdul-Malik's alleged exoneration. Ibid.

Following the affirmance of his conviction, defendant filed a timely PCR petition pro se, arguing that counsel should have interviewed his mother and called her as his alibi witness.  His petition, asserting ineffective assistance of counsel, was not supplemented once counsel was assigned.  However, we note in defendant's PCR brief filed in the Law Division, without any supporting certification or affidavit, counsel argued that trial counsel was ineffective because he did not realize co-defendants Dandel Grimsley and Abdul-Malik could have exonerated defendant.  Grimsley is not mentioned again.  Defendant attached to the brief statements allegedly taken from Abdul-Malik as exhibits. The statements are not included in our appendix, and in any event, were never signed by Abdul-Malik because they were the same statements taken by defendant's investigators after the trial ended.  No mention is made anywhere in either the petition or the brief, regarding the eyewitness's husband's allegedly different description of the victim's assailant.

A-5186-16T1

Although the judge granted an evidentiary hearing, he concluded after hearing testimony from trial counsel, defendant's mother, and defendant that counsel was not ineffective because he made a strategic decision not to call defendant's mother as a witness. He concluded that the mother's testimony even at the hearing was inconsistent as to times, and that when interviewed by trial counsel, she was confused about timeframes. Therefore, trial counsel's decision not to call her as a witness was an unimpeachable strategic decision.

On this appeal, defendant argues:

POINT I
PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

(1)   Trial counsel erred when he failed to call Sarah Grimsley as an alibi witness at trial.

(2)   Trial counsel was ineffective for failing to call co-defendant Mateen Abdul-Malik as a witness.

(3)   Trial counsel's cumulative errors deprived [d]efendant of his constitutional right to effective assistance of counsel.

POINT II
AS THE PCR COURT FAILED TO ADJUDICATE ALL OF DEFENDANT'S CLAIMS, THIS MATTER MUST BE REMANDED FOR A NEW PCR HEARING.

6

THIS MATTER SHOULD BE REMANDED FOR A NEW PCR HEARING AS PCR COUNSEL FAILED TO RAISE A MATERIAL CLAIM OF ERROR BY DEFENDANT'S ATTORNEY.

We find no merit to these arguments. R. 2:11-3(e)(2).

In order to obtain relief based on ineffective assistance grounds, defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The alleged deficiencies here do not meet either the performance or prejudice prongs of the Strickland test.

First, as to defendant's mother, trial counsel testified explicitly that when he interviewed her before trial, she could not pinpoint the time she saw defendant at their home on the night in question. Counsel's decision not to call a witness who could potentially do the case more harm than good was strategic and is inviolate. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" Strickland, 466 U.S. at 690. "Decisions as to trial strategy or tactics are virtually unassailable on ineffective assistance of counsel grounds." State v. Cooper, 410 N.J. Super. 43, 57 (App. Div. 2009).

7

The issue regarding calling Abdul-Malik was not raised by PCR counsel during the evidential hearing. It was not mentioned in the trial judge's decision granting it. But Rule 3:22-10(c) requires factual assertions to be set forth in an affidavit or certification, and to be based upon personal knowledge only. Unsigned investigator's reports summarizing statements made by a third party do not fall within the requirements of the rule.

Additionally, Rule 3:22-5 bars consideration of issues previously addressed. Clearly, Abdul-Malik's allegedly exculpatory statements regarding defendant's involvement have been previously addressed and disposed of. His claims here are nothing more than a reiteration of a bald assertion which lacked merit. See discussions in State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

No mention whatsoever was made either in the PCR moving papers, the PCR petition submissions, or by counsel, regarding any claim that the eyewitness's husband's description of the assailant differed from defendant's appearance. Nothing in the record other than defense counsel's uncorroborated claim at trial even gives rise to speculation regarding this point. It is nothing more than an unsupported bald assertion. See Cummings, 321 N.J. Super. at 170.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION